**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| DANIEL M. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 25-00372-JB-N |
| | ) | |
| CAPTAIN GRAVES, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Daniel M. Wilson filed a complaint (Doc. 1) and an amended complaint (Doc. 9) while detained at the Baldwin County Corrections Center, seeking relief under 42 U.S.C. § 1983. Plaintiff Wilson filed his complaints without the assistance of an attorney (or *pro se*) and was granted permission to proceed with his lawsuit without the prepayment of fees, *or in forma pauperis*. (*See* Doc. 8). However, he has since failed to prosecute this action. Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint (Doc. 9) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).[1]

**I. Background.**

On September 2, 2025, the Court docketed Plaintiff's complaint. (Doc. 1). On December 17, 2025, the Court received and docketed Plaintiff's amended and operative complaint (Doc. 9). Review of the amended complaint revealed that it violated Rule 8 of the Federal Rules of Civil Procedure because it lacked sufficient factual details for the Court to determine the actionability of the claims and failed to provide full notice to the defendants of the claims asserted against

---

[1] This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

them. Plaintiff Wilson's claims of harassment, failure to protect, and those related to the conditions of his confiment, including a generalized risk of violence, were vague and conclusory. For these reasons, on May 28, 2026, the Court ordered him to amend his complaint and cure the deficiencies idenitifed by June 30, 2026. (*See* Doc. 11). The Court provided Plaintiff with the legal standard for each of his claims. And the Court provided specific instructions to Plaintiff on how to file an amended complaint. Plaintiff was also cautioned in the Court's order that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 6-7). The May 28, 2026 order was mailed to Plaintiff at the Baldwin County Corrections Center - the address he gave to the Court. To date, the order to amend has not been returned as undeliverable.

As of August 20, 2026, Plaintiff Wilson has not complied with the undersigned's order, nor has he filed anything further with the Court. Based on an independent internet search of the Baldwin County Corrections Center, it appears that Plaintiff Wilson was released from custody on July 10, 2026, and he has not been transferred to the custody of the Alabama Department of Corrections, per their website.

## II. Dismissal.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff's complaint was a shotgun pleading

which violated the Federal Rules of Civil Procedure and sought relief from parties immune from suit. He was ordered to cure these deficiencies but did not. To date, the Court has not received any filing or correspondence from him. Plaintiff's deadline for compliance has now passed, and the Court has no way of communicating with Plaintiff Wilson.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## III. Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 9) be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. Plaintiff is reminded that in any subsequent cases filed in this Court, Plaintiff must comply with all Court orders, including following set deadlines and updating the Court as to his location.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that

under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **20th** day of **August 2026**.

*\/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**